| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>POUGHKEEPSIE DIVISION | HEARING DATE: August 22, 2023<br>HEARING TIME: 9:00 a. m.<br>OBJECTION DEADLINE: August 15, 2023 |

------------------------------------------------------- x
In re                                                   :
                                                        :   Case No. 23-35591 (CGM)
ESTATE OF DINAH DEBORAH CRANE,                          :
                                                        :   (Chapter 7)
                                   Debtor.              :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(a)**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), hereby files a Memorandum of Law in Support of his Motion to Dismiss Case under 11 U.S.C. § 707(a) (the "Motion"). In support of the Motion, the United States Trustee respectfully represents and alleges as follows:

**I.    INTRODUCTION**

Jennifer Thurston ("Ms. Thurston"), as administrator of the intestacy estate of decedent Dinah Deborah Crane (the "Crane Estate" and "Ms. Crane," respectively), filed a *pro se* chapter 7 petition (the "Petition") on behalf of the Crane Estate on July 20, 2023. On these facts, there is cause, under 11 U.S.C. § 707(a), to dismiss this chapter 7 case on at least two grounds. First, under 11 U.S.C. § 109(d), governing who may be a chapter 7 debtor, and the definitions of the terms "entity" and "person" set forth in 11 U.S.C. §§ 101(15) and 101(41), respectively, only persons, as defined under § 101(41), are eligible for chapter 7 relief. Under these provisions of the Bankruptcy Code, the Crane Estate is an entity, not a person, and it is ineligible to be a chapter 7 debtor. Second, even if the Crane Estate were eligible for chapter 7 relief, as an entity, it may only appear through counsel in this Court and all other federal courts; and the *pro se*

1

Petition is a nullity. On these grounds, the Court should dismiss the cause for cause under § 707(a).

## II. FACTS

On July 20, 2023 (the "Petition Date"), the Crane Estate filed the Petition and a Verification of Creditor Matrix, *pro se,* through Ms. Thurston, as administrator of the Crane Estate. Petition, at 4, Line 17, and Verification of Creditor Matrix, ECF Doc. No. 1. In the Petition, the Crane Estate listed its address and principal place of business as 32 Wickham Drive, Warwick, New York 10990. Petition, at 1, Line 4. The Crane Estate described itself as an estate and a single asset real estate debtor. *Id*. at 1, Line 6; and 2, Line 7. It listed one creditor, U.S. Bank National Association ("U.S. Bank"), which presumably holds a mortgage lien on the Crane Estate's single asset real estate. To date, the Crane Estate has failed to file Schedules, a Statement of Financial Affairs, or other required documents.

On July 21, 2023, the United States Trustee appointed Lori Lapin Jones as chapter 7 trustee (the "Trustee"). The first § 341(a) meeting of creditors is scheduled for August 10, 2023, at 2:30 p.m. ECF Doc. No. 2.

## III. ARGUMENT

Section 707(a) provides that:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of a petition commencing such case, the information required under paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a)(1), (2), and (3).

"[T]he Bankruptcy Code does not define 'cause' and the three examples given in section 707(a) are illustrative, not exhaustive." *Smith v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007). *See also In re Murray*, 543 B.R. 484, 490 (Bankr. S.D.N.Y. 2016) (the examples set forth in § 707(a) "which follow the word 'including,' are illustrative, not exclusive"). *See also In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997) (examples of cause set forth in 11 U.S.C. § 1112(b) are illustrative and not exclusive). The determination of whether cause exists "is left to the Court's discretion." *Murray*, 565 B.R. at 530 (citation omitted). In analyzing § 707(a), "the Court must consider 'the interests of both the debtors and creditors and assess on a case-by-case basis whether there is 'cause' sufficient to warrant dismissal." *In re Somers*, 448 B.R. 677, 680 (Bankr. S.D.N.Y. 2011) (citing *In re Dinova*, 212 B.R. 437, 441 (2d Cir. BAP 1997)).

In this case, cause to dismiss the case under § 707(a) exists on two unenumerated grounds: First, as an estate, the Crane Estate is not a person eligible to be a chapter 7 debtor. In addition, even if the Crane Estate were eligible for chapter 7, as an entity, it may not appear in federal court *pro se*.

    A.    **The Crane Estate Is Not Eligible to be a Chapter 7 Debtor.**

In New York, if a decedent leaves a will, the executor named in the will must file a petition with the Surrogate's Court to admit the will into probate to administer the probate estate according to the decedent's wishes. *See Matter of Pollina*, 140 N.Y.S.3d 88, 90 (N.Y. App. Div. 2020) (describing Surrogate's Court procedures for admitting a will to probate). An individual who dies without a will is intestate, and a person, generally a relative, must apply to the Surrogate's Court for letters of administration, seeking appointment as administrator of the decedent's intestacy estate to distribute assets to the decedent's relatives, referred to as

"distributees," under New York intestacy law. *See In re Watterson*, 524 B.R. 445, 449-451 (Bankr. E.D.N.Y. 2015) (discussing procedures for obtaining letters of administration in New York Surrogate's Court). Here, it appears that Ms. Crane died intestate, and that Ms. Thurston is the administrator of the Crane Estate, responsible for distributing intestacy estate assets to the distributees in the priority set forth under New York intestacy statutes.

Only persons, defined as including individuals, partnerships, and corporations under § 101(41), are eligible for chapter 7 relief. Under § 109(b), a person may be a chapter 7 debtor only if they are not a railroad, FDIC insured bank, savings and loan association, bank clearing organization, insurance company, or another enumerated entity. 11 U.S.C. § 109(b)(1) and (2). *See also* 11 U.S.C. § 109(d) ("[o]nly . . . a person that may be a debtor under chapter 7 of this title . . . may be a debtor under chapter 11 of this title.").

> The term "includes" indicates that the definition [of person in § 101(41)] is intended to be construed broadly. However, that [a decedent's] estate is not meant to be included in the definition of person is demonstrated by examination of [§ 101(15)] which defines "entity" to include "person, estate, trust, and governmental unit. . . . If estate had already been included in the definition of person, Congress would have seen no need to include it separately in its definition of entity. . . .

*In re Estate of Whiteside by Whiteside*, 64 B.R. 99, 101 (Bankr. E.D. Cal. 1986) (construing §§ 101(14) and 101(33) (precursors to current §§ 101(15) and 101(41)), which respectively define the terms entity and person). According to the Bankruptcy Court in *Estate of Whiteside*, legislative history supports this interpretation. "The definition [of person] *does not include an estate* or a trust, which are included only in the definition of entity [under § 101(15)]." *Id.* (emphasis in original). *See In re Estate of Joseph L. Brown*, 16 B.R. 128 (Bankr. D,D.C. 1981) (court held that the debtor's probate estate was not a person eligible to be a chapter 7 debtor). *See also In re Spiser*, 232 B.R. 669, 373 (Bankr. N,D, Tex. 1999) (court set aside order

converting a chapter 13 case to a case under chapter 7 because the debtors died prior to conversion and the probate estate was not a person eligible to convert the case to chapter 7).

Here, the Crane Estate is an entity, not a person, and as such, it is ineligible for chapter 7 relief; and Ms. Thurston, as administrator, must administer the intestacy estate in Surrogate's Court. Because the Crane Estate is not eligible to be a chapter 7 debtor, there is cause to dismiss the case under § 707(a).

> B. **Even if it were Eligible to be a Chapter 7 Debtor, the Crane Estate is an Entity that May Only Appear in Federal Court Through Counsel.**

Corporations and other fictitious persons may not appear in federal court except through counsel. *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976). "[F]ictional legal persons obviously cannot appear for themselves personally." *Id.* (citations omitted). The *pro se* appearance of a corporation in federal court is "at all times a nullity." *Frayler v. New York Stock Exchange, Inc.*, 118 F. Supp. 448, 451 n.2 (S.D.N.Y. 2000). "This rule is applicable to all forms of business entities." *In re 1103 Norwalk Street, L.L.C.*, 2003 WL 23211564, at *1 (Bankr. M.D.N.C. November 26, 2003) (citing *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993)). *See also Tinkers & Chance v. Zowie Intertainment, Inc., 2001 WL 706908* (Fed. Cir. June 7, 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."). Entities must file bankruptcy through counsel and a petition filed *pro se* is null and void. *See, e.g., In re Dick Tracy Ins. Agency, Inc.*, 204 B.R. 38, 39 (Bankr. W.D. Mo. 1997) (it is undisputed that corporations must appear in Bankruptcy Court through counsel). An entity's filing of a *pro se* chapter 7 petition constitutes cause for dismissal under § 707(a). *See In re 1433 Corp.*, 75 B.R. 55, 56 (Bankr. S.D. Fla. 1987) (dismissing a corporate chapter 11 case filed by the debtor's president without counsel). *See also In re IFC Credit Corp.*, 663 F.3d 315, 321 (7th Cir. 2011) (affirming denial of a motion to

5

dismiss a corporate chapter 7 petition originally filed *pro se* because the debtor retained counsel post-petition); and *In re BSL Operating Corp.*, 57 B.R. 945, 948 (Bankr. S.D.N.Y. 1986) (court dismissed chapter 11 case because the corporate debtor filed the petition *pro se*).

Here, the Crane Estate is an entity that may only appear in this Court, or any other federal court, through counsel. Its filing of the Petition *pro se* constitutes cause for dismissal of the case under § 707(a).

### IV. CONCLUSION

Based on the foregoing, the United States Trustee respectfully requests that the Court dismiss the Crane Estate's case for cause under § 707(a) and grant other relief as is just.

Dated: Poughkeepsie, New York  
       July 26, 2023.

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*  
    Alicia M. Leonhard  
    Trial Attorney  
    Leo O'Brien Federal Building  
    11A Clinton Avenue, Room 620  
    Albany, New York 12207  
    Telephone: 202.495.9929 (Direct)  
    Albany Office: 518.434.4553  
    Email: Alicia.M.Leonhard@usdoj.gov